Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Zachary T. Timm (SBN 316564)
zach.timm@klgates.com
**K&L Gates LLP**
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

*Attorney for Plaintiff*
*Epson America, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| EPSON AMERICA, INC.<br><br>                     Plaintiff,<br><br>        v.<br><br>SUNVALLEYTEK INTERNATIONAL, INC. d/b/a VAVA,<br><br>                     Defendant. | Civil Action No.: 8:23-cv-00735<br><br>**COMPLAINT FOR:**<br><br>**1. FALSE ADVERTISING / UNFAIR COMPETITION - LANHAM ACT;**<br><br>**2. VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE §§ 17200 *et seq.*; and**<br><br>**3. BREACH OF CONTRACT**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

1    Plaintiff Epson America, Inc. ("Epson") by and through its undersigned

2    counsel, complains of defendant Sunvalleytek International, Inc. d/b/a Vava's

3    ("Vava" or "Defendant") conduct and alleges upon information and belief as

4    follows:

5    **NATURE OF THIS ACTION**

6    1.    This is an action for trademark infringement, including unfair

7    competition and false advertising arising under the Lanham Act, 15 U.S.C. § 1051,

8    et seq. and Business and Professions Code §§ 17200 et seq.  Vava's conduct has

9    produced and, unless enjoined by this Court, will continue to produce a likelihood

10   of consumer confusion and deception, to the irreparable injury of Epson.

11   **JURISDICTION AND VENUE**

12   2.    This Court has jurisdiction over the subject matter of this Complaint

13   pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims

14   arise under the Trademark Laws of the United States.

15   3.    This Court has supplemental jurisdiction over the related state law

16   claims asserted in this action pursuant to 28 U.S.C. § 1367 because they are so

17   related to the federal claims providing this Court original jurisdiction that they form

18   part of the same case or controversy under Article III of the United States

19   Constitution.  Indeed, the state law claims arise from the same set of operative facts

20   common to the federal claim and the resolution of those claims serves the interests

21   of judicial economy.

22   4.    Vava is subject to personal jurisdiction in this forum pursuant to a

23   forum selection agreement between the Parties; because it is a resident of the State

24   of California; because it misrepresented the authentic nature of products to residents

25   of the State of California and this District; because Vava has caused injury to

26   Epson's trademarks in the State of California and this District; because Vava

27   practices the unlawful conduct complained of herein, in part, within the State of

28   California and this District; because Vava regularly conducts or solicits business

1

within the State of California and this District, including having its principal place of business within this District; because Vava regularly and systematically directs electronic activity into the State of California and this District with the manifest intent of engaging in business within the State of California and this District, including the sale and/or offer for sale of products to Internet users within the State of California and this District, as well as, upon information and belief, entry into contracts with residents of the State of California and this District through the sale of items through various online retail platforms.

5.     Similarly, venue is proper in this judicial district under 28 U.S.C. § 1391 and through agreement of the Parties.

## **PARTIES**

6.     Plaintiff Epson America, Inc. is a California corporation having its principal place of business in Los Alamitos, California.  It is a principal subsidiary of Seiko Epson Corporation, a Japanese corporation headquartered in Suwa, Nagano.  Epson is a leading manufacturer in the printer, professional imaging, projector, scanner, systems devices, and factory automation categories.  Epson has been a leading innovator in its field since it was founded in 1942.

7.     Upon information and belief, defendant Sunvalleytek International, Inc. is a California corporation with a place of business in Fullerton, California.  It sells, *inter alia*, projector products through online platforms such as Amazon.com, Walmart.com, BestBuy.com and Vava.com.

8.     This action seeks redress for Defendant's deliberate and unlawful misleading representations regarding the light output of their projectors.  Defendant uses false claims regarding the light output of its projectors in its product descriptions and advertising.

///

///

///

# FACTS GIVING RISE TO THIS ACTION

## A.    Portable Consumer Projectors

9.    While traditionally associated with movie theaters, projectors have become an increasingly common video display product for consumers used in home, business, and educational settings.

10.    Today, consumers use digital projectors in the same way as television or computer screens.  Digital projectors receive video signals from external devices, such as computers, and "project" those signals onto a screen.

11.    Consumers can purchase projectors in a variety of sizes ranging from the size of a cell phone to larger, permanently-mounted projectors for home theaters.

12.    Within a particular projector category, such as portable consumer projectors, the quality and corresponding price of a specific projector is largely determined by its resolution and light output.

13.    Projector light output is measured and described in lumens.  The brighter the projector, the higher the lumen rating, and, all else being equal, the more it will likely cost.

14.    The lumen rating for a projector is one of the most important and immediately recognizable projector features for consumers, and one that necessarily impacts consumer choice.

15.    The American National Standards Institute developed and approved objective standards for measuring the lumen output of projectors, known as the "ANSI Standard."  The ANSI Standard establishes protocols for measuring and communicating important performance attributes of projectors - including how to measure and communicate lumens.

16.    As a preferred alternative to the ANSI Standard, the ICDM (International Committee for Display Metrology) sets standards for display metrology.  It utilizes IDMS v. 1.03 (15.3 and 15.4) as its standard for measuring and communicating the performance attributes of, *inter alia*, projectors.  ISO (the

3

International Organization for Standardization) similarly sets standards for, *inter alia*, display metrology.  ISO utilizes ISO/IEC 21118 as its standard for measuring and communicating the performance attributes of, *inter alia*, projectors.

**B.    Epson Projectors**

17.    Epson is recognized throughout the world and the United States as a leading projector manufacturer.

18.    As a market leader, Epson continues to set standards for image quality, performance, and innovation with its line of multimedia projectors.  Epson's commitment to delivering quality products is recognized by the industry through various product awards and industry recognition.

19.    Epson prides itself on achieving the highest customer satisfaction ratings, accomplished in large part by using the most precise testing equipment and procedures available to ensure accurate product descriptions and specifications.

**C.    Defendant's False Advertising of its Projectors**

20.    Defendant is a direct competitor of Epson in the portable consumer projector market.  Defendant sells and offers for sale projectors to consumers throughout the United States via various online commerce sites including, but not limited to, Amazon.com, BestBuy.com, Walmart.com, and Vava.com.

21.    Defendant sells their projectors under various models, but each is prominently marked as a "Vava" projector.

22.    Defendant advertises a Vava 4K UST Laser TV Home Theatre Projector with false misrepresentations as to its light output performance (hereinafter, the "Vava Projector").

23.    The advertised light output performance of the Vava Projector continues to be a moving target.

24.    Upon its release, as a new entrant in the projector marketplace, and in order to gain traction in the marketplace, Vava falsely advertised the light output of

the Vava Projector to be "6000 lumens."  As follows is a screenshot of how the Vava Projector was initially advertised on Amazon.com:

VAVA 4K UHD Laser TV Home Theatre Projector | 6000 Lumens | Ultra Short Throw | HDR10 | Built-in Sound Bar | ALPD 3.0 | Smart Android System
by VAVA

Luminary Light Source

The VAVA 4K projector uses an incredible 6000 lumens to produce a bright image even with ambient lighting; you no longer need a pitch black room to get a good image
˅ Read more

25.    Sometime thereafter, Vava changed its listings on Amazon.com to reflect a light output of 2500 lumens.  As follows is a screen capture of the same:

VAVA 4K UHD Laser TV Home Theatre Projector | Bright 2500 Lumens | Ultra Short Throw | HDR10 | Built-in Harman Kardon Sound Bar | ALPD 3.0 | Smart Android System
by VAVA

///
///
///
///

5
COMPLAINT

26.     Despite changing the title to reflect a light output of 2500 lumens, Vava

continued to list the brightness of the Vava Projector as "6000 lumens" in the section

of the Amazon.com page that is used to compare the brightness of competing

projectors.  As follows is a screenshot of the same:

**This item** VAVA 4K UHD Laser TV
Home Theatre Projector | Bright 2500
Lumens | Ultra Short Throw | HDR10 |
Built-in Harman Kardon Sound Bar |
ALPD 3.0 | Smart Android System

Add to Cart

| Customer Rating | ⭐⭐⭐⭐⯨ (255) |
|---|---|
| Price | $2,799.99 |
| Shipping | FREE Shipping. Details |
| Sold By | Amazon.com |
| Connectivity Technology | Bluetooth, USB, Triple HDMI, Wi-Fi, Optical |
| Display Technology | DLP |
| Image Brightness | 6,000 lumen |

27.     Similarly, as follows is an online advertisement utilized by Vava after

it had changed its brightness value to 2500 lumens:

VAVA ✔
Sponsored · 🌐

🔥 Get VAVA 4K Ultra Short Throw Laser Projector today for as Low as $129/Month or 0% APR &
NO SALES TAX (CA excluded). With no money down and 0% APR financing, buying your dream
home theater projector is easier than ever. Just select Affirm monthly payment at checkout. Check
vava.com for all financing options.
✅ 4K UHD Resolution
✅ 6,000 Lumens
✅ 7.2" Ultra Short Throw Distance

6
COMPLAINT

28.    Vava's advertisement of the Vava Projector as having "6000 lumens" is literally false as Vava's changes to the lumen value on subsequent advertisements makes clear.

29.    Vava purposefully inflated its projector's light output performance in order to gain initial traction in the projector marketplace.

30.    Moreover, despite Vava's current claim that the light output performance of the Vava Projector is 2500 lumens, Epson has tested various models and none had a light output performance of over 1951 lumens.    Accordingly, its claim of 2500 lumens is also false.

31.    To add to the confusion, Vava's advertisements of the Vava Projector also contain the following graphics:



Luminary Light Source

The VAVA 4K projector uses an incredible 6000 lumens (light source) to produce a bright image even with ambient lighting; you no longer need a pitch black room to get a good image

COMPLAINT

1
2
3
4
5
6
7
8
9



10   Luminary Light Source

11   The VAVA 4K projector uses an incredible 6000
     lumens (light source) to produce a bright
12   image even with ambient lighting; you no
     longer need a pitch black room to get a good
13   image

14

15       32.    Through use of the above graphics, Vava attempts to mislead
16   unsophisticated consumers into believing that light source brightness is the
17   equivalent of the light output of a projector.

18       33.    However, "light source" brightness is a misleading, non-relevant
19   consumer specification as the "light source" specification alone has no bearing on
20   the light output performance of a projector.

21       34.    Vava's use of a 6000 lumen "light source" coupled with its previous
22   advertisements of a 6000 lumen light output described above is meant only to
23   confuse customers and to artificially inflate the Vava Projector's light output
24   performance.

25       35.    Vava's continually changing and false light output performance
26   specifications have caused confusion among customers.

27   ///

28   ///

36.     As follows are consumer questions posted on the Amazon page for the Vava Projector due to its false advertisements of the product's light output performance:

Q:      I'm confused, is this projector 2500 or 6000 lumens? If 6000 lumens, what causes such a significant drop [loss of 3500 lumens]?

Q:      The description changed from 6000 to 2500 lumens. on the vava site it says its 6000 lumens. has there been a revision of the projector?

Q:      I'm intending to use this for wedding videos, sometimes it will be outdoors during sunset. Is it really 6000 lumens?

37.     As shown by the questions above, Vava is significantly misrepresenting the light output of its projectors to consumers and causing confusion in the marketplace.

38.     As a result, purchasers of any of Vava's projectors are likely to be, and have actually been, misled and deceived by Vava's literally false product labeling, descriptions, and advertisements.

39.     Consumers expect the represented product specifications to be accurate for Vava's projectors, as they base their purchasing decisions in large part on these representations.  In fact, consumers that purchase Defendant's projectors receive projectors with drastically lower performance outputs.

40.     Vava's literally false and misleading product labeling, descriptions, and advertisements are damaging to Epson and are also damaging to the consuming public.  These false and misleading representations are designed to entice consumers to purchase Defendant's products over Epson's products.

41.     The natural, probable, and foreseeable result of Vava's wrongful conduct has been to cause confusion, deception, and mistake in the portable consumer projector market as a whole, to deprive Epson of business and goodwill, to injure Epson's relationship with existing and prospective customers, and to divert sales of Epson projectors.

9
COMPLAINT

42.     By means of example, after having a poor experience with Vava's projector with an improperly inflated lumen value of "6000 lumen," the consuming public is less likely to purchase a projector with a lumen rating less than 6000 lumens as consumers will be unaware that Vava's "6000 lumen" projector is not representative of the performance of a true 6000 lumen projector.   This causes irreparable harm to Epson as well as to the entire portable projector marketplace.

43.     Epson is informed and believes that Vava's wrongful conduct has resulted in increased sales and market share of Vava's projectors while hindering the sales and market share of Epson's projectors and damaging Epson's goodwill.

**D.     Settlement and Vava's Continued False Advertising**

44.     Given the above, Epson filed a lawsuit against Vava in the Federal District Court for the Central District of California bearing case number 8:21-cv-00721-JVS-ADS (the "Lawsuit").

45.     As part of the Lawsuit, the parties entered into and executed a settlement agreement (the "Agreement").

46.     As part of the Agreement, Epson conditioned the release of its prior claims upon Defendant agreeing to certain terms within the Agreement.

47.     As relevant to this action, the Parties agreed to a process whereby disputes involving the brightness of future projectors could be resolved.

48.     Defendant introduced a new projector – the Vava LPD 4.0 Ultra Short Throw Triple Laser Chroma ("Chroma") – to the marketplace.

49.     Vava advertised that the Chroma had a color and white brightness of "2200 lumens" on www.bestbuy.com:



50.     On www.bhphotovideo.com, Vava advertises the brightness value of the Chroma Projector as "2500 Lumens":



51.     On Vava's website, Vava advertises the brightness value of the Chroma Projector as "2200 Lumens":



11
COMPLAINT

52.    On www.walmart.com, Vava advertises the brightness value of the Chroma Projector as "2200 Lumens":



53.    On Vava's own website, www.vava.com, Vava advertises the brightness value of the Chroma Projector as "2200 Lumens":



54.    Vava's advertisement of the Chroma as having "2200 lumens" is literally false as Epson has tested various Chroma models and none had a light output performance near 2200 lumens.

55.    Accordingly, Epson contacted Vava and activated the dispute resolution process portion of the Agreement.

56.    Vava failed to produce any substantiation to support its claim of 2200 lumens.

57.    Given the dispute of the brightness of the Chroma, the Agreement called for Vava to cease advertising the brightness of the Chroma until testing by a third party could be completed.  Vava refused to cease and desist advertising brightness of the Chroma in breach of its Agreement.

58.    Vava's non-compliance of the Agreement is willful, as it continues to sell and falsely advertise the Chroma its own website Vava.com and third party marketplaces.

## COUNT I

### False Advertising / Unfair Competition - Lanham Act

59.    Epson hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

60.    Defendant has made and distributed, in interstate commerce and in this District, product listings and advertisements that contain false or misleading statements of fact regarding its products.  These advertisements contain actual

misstatements and/or misleading statements, including the light outputs of its projectors - attributes important to a consumer's purchasing decision. These literally false statements and product performance attributes actually deceive, or have a tendency to deceive, a substantial segment of Epson's customers and potential customers. This deception is material in that it is likely to influence the purchasing decisions of Epson's customers.

61. Defendant's false and misleading advertisements constitute unfair competition and injure both consumers and Epson.

62. Defendant's false and misleading advertisements violate Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

63. Defendant, as described more fully above, has caused, and will continue to cause, immediate and irreparable injury to Epson for which there is no adequate remedy at law. As such, Epson is entitled to an injunction under 15 U.S.C. § 1116 restraining Defendant, its distributors, retailers, agents, employees, representatives, and all persons acting in concert with them, from engaging in further acts of false advertising, and ordering removal of all Defendant's false advertisements.

64. Defendant's actions are willful as evidenced by the fact of the ever-changing means of advertising the light output performance of its projectors.

65. Pursuant to 15 U.S.C. § 1117, Epson is entitled to recover from Defendant the damages sustained by Epson as a result of Defendant's acts in violation of Section 43 of the Lanham Act.

66. Pursuant to 15 U.S.C. § 1117, Epson is also entitled to recover from Defendant the gains, profits, and advantages that it has obtained as a result of its unlawful acts. Epson is presently unable to ascertain the full amount of the gains, profits, and advantages Defendant has obtained by reason of its unlawful acts.

67. Pursuant to 15 U.S.C. § 1117, Epson is further entitled to recover the costs of this action. Moreover, Epson is informed and believes that Defendant's conduct was undertaken willfully and with the intention of causing confusion,

mistake, or deception, making this an exceptional case entitling Epson to recover additional damages and reasonable attorneys' fees.

## COUNT II

### Violation of Business and Professions Code §§ 17200 et seq.

68. Epson hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

69. The California Unfair Competition Law, codified at Business and Professions Code sections 17200, et seq., prohibits any unlawful, unfair, or fraudulent business act or practice.

70. Vava's acts, omissions, misrepresentations, and/or practices constitute unlawful, unfair, and/or fraudulent business acts and practices within the meaning of California Business & Professions Code §§ 17200, et seq.

71. Vava's misconduct has a tendency and likelihood to deceive members of the public.

72. The foregoing acts and practices have caused substantial harm to Epson.

73. As a direct and proximate cause of the unlawful, unfair, and fraudulent acts and practices of Vava, Epson has lost money and suffered injury in fact and damage in the form of lost sales revenue, fees, and other costs.

74. Vava's conduct constitutes fraud, suppression and/or concealment, and misrepresentation of material facts known to it, with the intent of inducing reliance and thereby depriving Epson of property and/or legal rights or otherwise causing injury. Vava's conduct subjected Epson to unjust hardship in conscious disregard of the Plaintiff's rights, such as to constitute malice, oppression, or fraud under California Civil Code § 3294, thereby entitling Epson to an award of exemplary and punitive damages in an amount appropriate to punish or set an example of Vava.

///

///

## **COUNT III**

### **Breach of Contract**

75.    Epson hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

76.    Epson and Defendant entered into a valid contract (the Agreement) that set forth each parties rights and obligations.

77.    Epson performed all its obligations under the Agreement.

78.    Epson never relieved Defendant of its obligations set fort in the Agreement.

79.    Given the ongoing dispute as to the brightness of the Chroma, Vava was required to remove all brightness advertisements until such time as testing on the Chroma could be completed.

80.    Despite multiple requests, Vava breached and continues to breach this portion of the Agreement.

81.    Defendant's actions are willful and have caused Epson damages as evidenced by the fact of the ever-changing means of advertising the light output performance of its projectors.

///

///

///

///

///

///

///

///

///

///

///

COMPLAINT

# **PRAYER FOR RELIEF**

WHEREFORE, Epson prays for judgment against Vava as follows:

A. For temporary, preliminary, and permanent injunctive relief prohibiting Vava, its distributors, retailers, agents, or anyone working for, in concert with, or on behalf of Vava to sell their products, from engaging in false or misleading advertising with respect to its projector products, and/or violating Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), which relief includes but is not limited to removal of all Vava's products from online commerce sites, such as, but not limited to, Amazon.com, BestBuy.com, Walmart.com, and Vava.com, as well as retail stores, until such a time as Vava can correct its false or misleading advertisements;

B. For an order requiring Vava to correct any erroneous impression consumers may have derived concerning the nature, characteristics, or qualities of Vava's projectors, including without limitation, the placement of corrective advertising and providing written notice to the public and its prior customers;

C. That Vava be adjudged to have violated 15 U.S.C. § 1125(a) and Business and Professions Code §§ 17200 et seq. by unfairly competing against Epson by using false, deceptive or misleading statements of fact that misrepresent the nature, quality, and characteristics of Defendant's projectors;

D. That Vava be adjudged to have breached the Agreement;

E. That Epson be awarded damages it has sustained in consequence of Defendant's conduct including, but not limited to, its loss of marketshare;

F. That Epson be awarded Defendant's profits obtained by Defendant as a consequence of its conduct;

G. That such damages and profits be trebled and awarded to Epson as a result of Defendant's willful, intentional, and deliberate acts in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a);

H. That Epson be awarded exemplary and punitive damages;

17

1     I.   That Epson recover its costs and reasonable attorneys' fees;

2     J.   That all of Defendant's misleading and deceptive materials and products be

3        destroyed as allowed under 15 U.S.C. § 1118;

4     K. That Epson be granted prejudgment and post judgment interest; and

5     L. That Epson be awarded such further relief as the Court deems just and proper.

6

7 Respectfully submitted,

8                                **K&L Gates LLP**

9 Date: April 28, 2023       By:   */s/ Zachary T. Timm*

10                                    Christina N. Goodrich
                                      Zachary T. Timm

11                                    *Attorney for Plaintiff*

12                                    *Epson America, Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

Plaintiff Epson America, Inc. hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

**K&L Gates LLP**

Date: April 28, 2023                 By:  */s/ Zachary T. Timm*

Christina N. Goodrich
Zachary T. Timm

*Attorney for Plaintiff*
*Epson America, Inc.*

1

DEMAND FOR JURY TRIAL